[No. 12243.   Department One.   April 29, 1915.]

F. M. STANLEY *et al.*, *Respondents*, v. J. P. CLOUGH *et al.*,
*Appellants*.[1]

APPEAL—REVIEW—FINDINGS.   Findings upon directly conflicting
evidence, where the court heard and saw the witnesses, will not be
disturbed on appeal unless against the preponderance of the evidence.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered February 14, 1914, upon findings in favor of the plaintiff, in an action on contract, tried
to the court.   Affirmed.

*John S. Jurey*, for appellants.

*James R. Chambers*, for respondents.

MOUNT, J.—In June, 1912, the appellant J. P. Clough
traded an automobile, then in the possession of the Winton
company, to the respondent F. F. Travis, for a contract interest in certain lands.   At the time the exchange was made,
Mr. Clough executed to Mr. Travis a bill of sale of the automobile, which was described therein as follows:

"The following described personal property now located
at Winton Garage, in the city of Seattle, in the county of
King and state of Washington, to wit:   One Winton automobile subject to a lien or mortgage of four hundred dollars
and interest, now held by George A. Miller, of the Winton
Automobile Company, which purchaser agrees to pay on delivery of the car."

Thereafter Mr. Travis sold his interest in the car to Mr.
F. M. Stanley, and Mr. Stanley thereafter tendered the sum
of $400 to the Winton company and demanded a certain red
automobile.   The Winton company refused to deliver the

[1]Reported in 148 Pac. 11.

automobile upon payment of the money, and this suit was thereupon brought against Mr. and Mrs. Clough for the recovery of the value of the automobile, which was alleged to be $2,250, less the $400. The case was tried to the court without a jury. The court made findings of fact, and entered a judgment in favor of the plaintiff for the sum of $1,850. The defendants have appealed.

At the trial, the respondents claimed that, at the time the trade was made, Mr. Clough represented that he had purchased an automobile from the Winton company, and that this automobile was held by the Winton company until the balance of $400 was paid thereon; that Mr. Clough exhibited to Mr. Travis a red automobile, demonstrated it to him, and afterwards stated that this was the automobile that he was trading for the land contract. Mr. Clough, on the other hand, denied that he showed or demonstrated the red automobile, but claimed that he was trading a model "K" automobile of the value of $1,200, while the red car was of the value of $2,250.

The only question in dispute upon the trial was, whether Mr. Clough traded the red automobile, or the black model "K" automobile. There was direct conflict in the evidence upon this question. The plaintiff and three or four witnesses testified, in substance, that Mr. Clough pointed out the red automobile as his car, saying that there was due thereon $400 to the Winton company; that when this $400 was paid, the car would be delivered by the Winton company; and that this particular car was the car which he was trading to Mr. Travis for the land contract. On the other hand, Mr. Clough and other witnesses testified that a black Winton car, model "K," was the car which he was trading, and that he pointed it out and exhibited it to Mr. Travis. We have carefully read the record and are not satisfied that the court erred in its finding to the effect that the red automobile was the one traded to the respondent Travis. This appeal presents simply

a question of fact.   We have many times held, where a question of fact has been passed upon by the trial court, who sees and hears the witnesses and has an opportunity to observe their demeanor, etc., upon the witness stand, that we will not reverse a judgment based thereon unless the evidence preponderates against the findings of the trial court. *Bogle v. Devlin*, 81 Wash. 50, 142 Pac. 433; *Falls City Machinery & Supply Co. v. Goodstein*, 69 Wash. 549, 125 Pac. 786.

There are circumstances in the case which indicate that the model "K" automobile was the one which the appellant intended to trade to the respondents, but he did not describe that car in the bill of sale.   Either car answers the description in the bill of sale.   We are not satisfied from a careful reading of the record that the trial court erred in finding that the red automobile was the one actually traded to the respondents.

The judgment must therefore be affirmed.

MORRIS, C. J., PARKER, HOLCOMB, and CHADWICK, JJ., concur.